ORIGINAL

IN THE UNITED STATES DISTRICT COURT 2019 MAR 19 AM 9:36
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:18-CR-00406-K |
| MICHAEL ATKINSON | |

## FACTUAL RESUME

In support of Michael Atkinson's plea of guilty to the offenses in Counts ONE and
EIGHT of the Superseding Indictment, Atkinson, the defendant; Taly Haffar, the
defendant's attorney; and the United States of America (hereinafter "the government")
stipulate and agree to the following:

## ELEMENTS OF THE OFFENSES

To prove the offense alleged in Count ONE of the Superseding Indictment,
charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Hate Crime Acts,
Kidnapping, and Carjacking, the government must prove each of the following elements
beyond a reasonable doubt:

> *First.*    That the defendant and at least one other person made an agreement
> to commit an offense against the United States, to wit: Hate Crime
> Acts, Kidnapping, and Carjacking,[1] as charged in the Superseding

---

[1] The elements of Hate Crime Acts are:

| | |
|---|---|
| *First.* | That the defendant willfully caused bodily injury to any person or, through the use of a firearm or a dangerous weapon, attempted to cause bodily injury to any person; |
| *Second.* | That the defendant acted because of the actual or perceived sexual orientation of any person; and |
| *Third.* | That the defendant used a channel, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense. |

The elements of Kidnapping are described below.

Indictment;

Second.   That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose;

Third.   That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Superseding Indictment, in order to accomplish the purpose of the conspiracy.[2]

To prove the offense alleged in Count EIGHT of the Superseding Indictment, charging a violation of 18 U.S.C. §§ 1201(a)(1) and 2, that is, Kidnapping and Aiding and Abetting, the government must prove each of the following elements beyond a reasonable doubt:

First.   That the defendant, aided and abetted by others, unlawfully and willfully seized, confined, inveigled, kidnapped, abducted, and carried away and held John Doe 5;

Second.   That the defendant, aided and abetted by others, held John Doe 5 for some ransom, reward, or otherwise; and

Third.   That the defendant, aided and abetted by others, used a channel, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.[3]

---

The elements of Carjacking are:

First.   That the defendant intended to cause serious bodily harm or death;
Second.   That the defendant took a motor vehicle from the person or presence of another;
Third.   That the defendant took a motor vehicle by force and violence or by intimidation; and
Four.   That the motor vehicle had been transported, shipped, or received in interstate or foreign commerce.

[2] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2015).
[3] 18 U.S.C § 1201(a)(1); Fifth Circuit Pattern Jury Instruction 2.58 (5th Cir. 2015) (modified).

Factual Resume—Page 2

## STIPULATED FACTS

1. Michael Atkinson, the defendant, admits and agrees that, beginning on or about December 11, 2017, within the Northern District of Texas, Dallas Division, and elsewhere within the jurisdiction of this Court, he knowingly and willfully combined, conspired, confederated, and agreed with Daniel Jenkins (Coconspirator 1), and others known and unknown to the government, to use instruments of interstate commerce, specifically, a cellular telephone, the internet, and Grindr, a cellular telephone application ("app"), to lure, kidnap, assault, and rob gay men in Dallas, Texas because of the actual and perceived sexual orientation of the victims. Defendant Atkinson, aided and abetted by others, including Daniel Jenkins, and others known and unknown to the government, used the Grindr app to lure gay men to a location in Dallas, where members of the conspiracy kidnapped, assaulted, and robbed the gay men.

2. On or before December 11, 2017, defendant Atkinson learned that Jenkins (Coconspirator 1), Coconspirator 2, and others had been using a cellular phone application to lure men to the areas in and around Dallas, Texas for robbery.

3. On December 11, 2017, defendant Atkinson contacted Coconspirator 2 and asked to be included in any future robberies.

**Factual Resume—Page 3**

4. On December 11, 2017, Coconspirator 2 contacted defendant Atkinson and invited him to the Solana Ridge Apartment Complex (Solana Ridge) in Dallas, Texas to commit robberies.

5. On December 11, 2017, defendant Atkinson agreed with Coconspirator 2 to bring Atkinson's loaded handgun to Solana Ridge in order to participate in the robberies.

6. On December 11, 2017, Coconspirator 2 and defendant Atkinson drove together to Solana Ridge to meet with the other coconspirators and carry out the planned kidnappings and robberies.

7. When defendant Atkinson and Coconspirator 2 arrived at Solana Ridge, they entered a vacant apartment (#186), where they were met by fellow coconspirators, including Jenkins and Coconspirators 3, 4, and 5.

8. Jenkins described the robbery scheme to defendant Atkinson. Jenkins told defendant Atkinson that he and other coconspirators had been using pictures that he found on the internet to create "fake" user profiles on a cellular phone app used to talk to gay men. Jenkins stated that he and the other coconspirators were using this app to message gay men and lure them to Solana Ridge, supposedly for sex. Jenkins stated that he and the other coconspirators were in fact luring gay men to Solana Ridge to rob the men by holding the men in the vacant apartment while Jenkins and the coconspirators took their ATM cards, car keys, and other possessions at gunpoint; obtained their ATM PINs; and traveled to local ATMs to withdraw cash from the victims' accounts.

9. After defendant Atkinson arrived at Apartment #186 and learned additional details of the conspiracy to target gay men for kidnapping and violent robberies, he saw that Jenkins and the coconspirators were holding three victims captive in a back bedroom of the apartment.   Atkinson knew that these men had been lured using the app, had been robbed, and were being held there against their will so that the members of the conspiracy could rob them.

10. Defendant Atkinson saw that Coconspirator 3 was guarding three victims in the back bedroom.

11. Coconspirator 4 told defendant Atkinson that Coconspirator 3 had sexually assaulted one of the three victims, attempted to force a victim to perform oral sex, and had urinated and wiped feces on at least two victims.

12. Defendant Atkinson witnessed Jenkins assault at least one victim and call the victim gay slurs.

13. Defendant Atkinson allowed Coconspirator 4 to use his handgun to threaten victims and hold them in the apartment while Atkinson and Coconspirator 2 traveled to local ATMs in a victim's vehicle in order to withdraw cash from the victims' bank accounts.

14. After defendant Atkinson and Coconspirator 2 returned to the vacant apartment, Atkinson traveled with Coconspirator 2 to take John Doe 5 in a ~~white Nissan~~ *blue car* *TH* *mA* ~~Maxima~~to John Doe 5's house in order to take money from John Doe 5.

**Factual Resume—Page 5**

*[handwritten annotations: "TH", "MA", "back", "blue car", "TH", "MA"]*

15. Defendant Atkinson rode in the ~~front passenger~~ seat of the ~~White Nissan~~ and sat

    next to John Doe 5, Atkinson held a gun in his lap at all times during the drive to

    John Doe 5's house.

16. The defendant agrees that he committed all the essential elements of the offenses set

    forth in Counts One and Eight of the Superseding Indictment.  This factual resume

    is not intended to be a complete accounting of all the facts and events related to the

    offense charged in this case.  The limited purpose of this statement of facts is to

    demonstrate that a factual basis exists to support the defendant's guilty plea to

    Counts One and Eight of the Superseding Indictment.

AGREED TO AND STIPULATED on this /2 day of _____ *March* _____ , 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

*Michael Atkinson*
MICHAEL ATKINSON
Defendant

ROSE E. GIBSON
KATHRYN E. GILBERT
Trial Attorneys
United States Department of Justice
Civil Rights Division, Criminal Section
601 D Street N.W., Unit 5134
Washington, D.C. 20004
Telephone: 202-616-4571

Email: rose.gibson@usdoj.gov

TALY HAFFAR
Attorney for Defendant

NICOLE DANA
Deputy Section Chief

**Factual Resume—Page 7**